UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

RUBEN GONZALEZ,

                Plaintiff,

    -against-

GERALD FRUCHTER, MD; CLAUDIA ATALLAH,
MD; DEPARTMENT OF VETERANS AFFAIRS,

                Defendants.

-------------------------------------------------------------X

**MEMORANDUM AND ORDER**
06-CV-1243 (SLT)

TOWNES, United States District Judge:

    Plaintiff, Ruben Gonzalez, appearing *pro se*, filed the instant action on March 10, 2006. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), but dismisses the complaint without prejudice for lack of subject matter jurisdiction.

## BACKGROUND

    Plaintiff's complaint in its entirety states

> A medical procedure was done called colonoscopy and it was perform by the defendants and while in the procedure I was screaming to stop due to I felt everything that was done in cold blood and they never did as a result I been having bowel movements problems and nightmares that the defendants continue doing the procedure as a torture to me.

Compl. at p. 1. Plaintiff states that "jurisdiction of this court is invoked pursuant to a medical negli[gence]." Compl. at p. 1. Plaintiff seeks $70,000 in damages.

## STANDARD OF REVIEW

    In reviewing plaintiff's complaint, the Court is mindful that because plaintiff is proceeding *pro se*, his submissions should be held "to less stringent standards than formal

pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980); McEachin v. McGuinnis, 357 F.3d 197 (2d Cir. 2004). Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief can be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## DISCUSSION

It appears that plaintiff is seeking to bring a medical malpractice tort claim against doctors who treated him at a Department of Veterans Affairs hospital. Therefore, the Court construes the instant action as a claim for damages pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-80 ("FTCA"), as defendants are employees of a federal facility.

Where a plaintiff seeks to recover for an act or omission of an employee of a United States agency under the FTCA, only the United States is a proper defendant. Hylton v. Fed. Bureau of Prisons, No. 00-CV-5747 (RR), 2002 WL 720605, at *2 (E.D.N.Y. Mar. 12, 2002); see 28 U.S.C. 2679(a). The United States may not be sued unless it consents to be sued by explicitly waiving its sovereign immunity. United States v. Sherwood, 312 U.S. 584, 586 (1941); Morales v. United States, 38 F.3d 659, 660 (2d Cir. 1994). Such a waiver is a jurisdictional prerequisite to obtaining relief. United States v. Mitchell, 463 U.S. 206, 212 (1983). Pursuant to the FTCA, the United States has waived immunity for any injury or loss of property "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his or her employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

However, the FTCA requires the filing of an administrative claim with the relevant federal agency before commencing an action in federal court. 28 U.S.C. § 2675(a). Plaintiff fails to allege compliance with the administrative procedures under the FTCA which, in his case, entails submission of an administrative claim to the Department of Veterans Affairs.[1] 28 U.S.C. § 2675(a). See Altman v. Connally, 456 F.2d 1114 (2d Cir. 1972) (per curiam) (complaint deficient for failing to present claim to the appropriate federal agency and a final disposition of the claim by that agency, as required by 28 U.S.C. § 2675); 55 Motor Ave. Co. v. Liberty Indus. Finishing Corp., 885 F. Supp. 410, 416 (E.D.N.Y. 1994) (since notice of claim requirements under FTCA are jurisdictional, allegations of presentment of claim to appropriate agency are necessary in complaint) (citing Healy v. United States Postal Serv., 677 F. Supp. 1284 (E.D.N.Y. 1987) (tort claim dismissed without prejudice where plaintiff failed to allege presentation of claim to agency). Therefore, this Court is without jurisdiction to hear plaintiff's complaint. Plaintiff is further advised that pursuant to 28 U.S.C. § 2401(a), a "tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues ... ." In the event plaintiff's administrative claim is denied, he may commence a civil action in this court regarding his negligence claim within six months of the denial. 28 U.S.C. § 2401(b). In addition, if the agency fails to respond to plaintiff within six months of the claim's submission, he may file suit in a district court. 28 U.S.C. § 2675(a).

---

[1] "The notice of claim provided for by § 2675 is intended to supply sufficient information to permit an investigation by the appropriate federal agency and to estimate the claim's worth." 55 Motor Ave. Co. v. Liberty Indus. Finishing Corp., 885 F. Supp. 410, 415 (E.D.N.Y. 1994) (citing Johnson v. United States, 788 F.2d 845, 848 (2d Cir.), cert. denied, 479 U.S. 914 (1986)).

## CONCLUSION

Accordingly, the instant complaint is dismissed for lack of subject matter jurisdiction without prejudice to the refiling of a tort claim that names the United States as defendant and complies in all other regards with the provisions of the FTCA, once the relevant administrative remedies have been exhausted.[2] The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

SANDRA L. TOWNES
United States District Judge

Dated: March 27, 2006
Brooklyn, New York

---

[2] An administrative claim form is attached for the plaintiff's convenience.

4